**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4172**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ESIEN UDONKANG,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-04-139)

─────────────

Submitted:  September 30, 2005          Decided:  November 2, 2005

─────────────

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Edward J. Kornish, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Esien Udonkang pled guilty to possession with intent to distribute for remuneration a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (2000). The district court adopted the findings in the presentence report, which included a sentencing range of 77 to 96 months, and sentenced Udonkang to 84 months of imprisonment. Udonkang's sentence exceeded the maximum term of imprisonment for the amount of marijuana involved because of his prior drug felony under 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2005). On appeal, Udonkang raises three issues, whether: (1) the Government should have been barred from seeking his enhanced sentence under § 841(b)(1)(D) because they failed to timely provide him notice under 21 U.S.C. § 851 (2000); (2) § 851 is unconstitutional because it increases his sentence and was not contained in his indictment or proved to a jury beyond a reasonable doubt; and (3) his sentence violates the Sixth Amendment. For the reasons that follow, we affirm.

Udonkang's first issue fails because the Government served him with § 851 notice prior to the entry of his guilty plea. With regard to timeliness, no more is required under the statute. See 21 U.S.C. § 851(a)(1).

Next, Udonkang alleges that § 851 is unconstitutional because it increased his sentence without a jury finding or admission by him. This claim fails, however, because the prior

- 2 -

conviction exception discussed in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), was recently reaffirmed by the Supreme Court. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). The record clearly reflects that Udonkang had a prior West Virginia felony for "Possession With Intent to Manufacture and Deliver a Controlled Substance, to wit: Cocaine." (J.A. 9-10).

Finally, Udonkang alleges that the district court erred because it sentenced him under the mandatory guideline scheme that existed prior to the Supreme Court's decision in <u>Booker</u>. In <u>Booker</u>, the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. <u>Id.</u> at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making

the Guidelines advisory.  <u>Booker</u>, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court).

After <u>Booker</u>, courts must calculate the appropriate Guideline range, consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence.  If a court imposes a sentence outside the Guideline range, the district court must state its reasons for doing so.  <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).  This remedial scheme applies to any sentence imposed under the mandatory Guidelines, regardless of whether the sentence violates the Sixth Amendment.  <u>Id.</u> at 547 (citing <u>Booker</u>, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

This claim fails in the instant appeal, however, because although Udonkang's sentencing hearing occurred the day before <u>Booker</u> issued, his criminal judgment was not entered until after <u>Booker</u>.  It is clear from the record that the district court considered its new discretion under <u>Booker</u> and determined that it would have given great weight to the Sentencing Guidelines and imposed the same sentence.  (J.A. 110 n.*).[*]  Thus, the district

---

[*]Although not raised by Udonkang, we note that the district court considered the factors in 18 U.S.C.A. § 3553(a), as directed by the Court in <u>Booker</u>, and that the sentence appears to be "reasonable."  <u>See</u> <u>Hughes</u>, 401 F.3d at 546-47.

court did not sentence, as Udonkang argues, under the mandatory guidelines system that existed prior to <u>Booker</u>.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>